IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| CHARLES M. WALKER, | OPINION AND ORDER |
| Plaintiff, | 15-cv-828-bbc |
| v. | |
| CALLISA ROSE, PAMELA OLSON,<br>SHERRI PAULSON, JENNIFER FREY,<br>ASHLAND COUNTY SHERIFF DEPARTMENT<br>and DEPARTMENT OF SAFETY AND<br>PROFESSIONAL SERVICES, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Charles M. Walker has filed a pro se complaint against defendants Callisa Rose, Pamela Olson, Sherri Paulson, Jennifer Frey, the Ashland County Sheriff's Department and the Wisconsin Department of Safety and Professional Services. Plaintiff contends that defendants Rose, Olson and Paulson—all of whom are private citizens—slandered, libeled and defamed him when they falsely accused him of sexually abusing his daughter. In addition, plaintiff contends that defendants Frey, the Ashland County Sheriff Department and the Wisconsin Department of Safety and Professional Services subsequently conducted a negligent investigation into who actually assaulted his daughter.

Plaintiff has filed a request to proceed in forma pauperis. Accordingly, his complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B). After reviewing plaintiff's complaint, I am dismissing this action for lack of jurisdiction. As upsetting as this experience

1

must have been for plaintiff, the law prevents this court from entertaining claims such as his, as will be explained.

OPINION

Plaintiff fails to allege facts that would bring his suit within the scope of either § 1331 or § 1332, which means that his suit must be dismissed for lack of jurisdiction. For a case to fall within the court's "diversity jurisdiction," the plaintiff must allege that the amount in controversy exceeds $75,000 and the cause of action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Although plaintiff does allege that the amount in controversy exceeds $75,000, he also says that he and all of the individual defendants live in Wisconsin. This prevents the court from exercising diversity jurisdiction.

Federal question jurisdiction exists so long as "it appears that some substantial, disputed question of federal law is a necessary element of one of [plaintiff's] well-pleaded state claims, or that [plaintiff's] claim is 'really' one of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983). None of plaintiff's claims meet this standard. Plaintiff's libel, slander and defamation claims against Rose, Olson and Paulson do not arise under federal law; these are state law claims that should be brought in state court. E.g. Jarnigan v. Johnson, No. 14-cv-415-jdp, 2015 WL 1459622, at *2 (W.D. Wis. Mar. 30, 2015) ("Plaintiff cannot establish jurisdiction on the basis of a federal question. Plaintiff . . . asserts claims of defamation, slander, and libel, which are all state-law claims.").

Plaintiff's claims against defendants Frey, the Ashland County Sheriff's Department

and the Wisconsin Department of Safety and Professional Services similarly fail to raise a federal question. Plaintiff alleges that these defendants conducted a "negligent" investigation into his daughter's alleged sexual assault. Law enforcement officials and government agencies do not violate individuals' constitutional rights by engaging in negligence. <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 848-49 (1998). Accordingly, if plaintiff wishes to sue defendants Frey, the Ashland County Sheriff Department or the Wisconsin Department of Safety and Professional Services for negligence, he must do so in state court.

ORDER

IT IS ORDERED that plaintiff Charles M. Walker's complaint is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to close the case.

Entered this 11th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge